UNITED STATES DISTRICT COURT
EATTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

INGRID CONWAY, individually, and on behalf of her
minor children, AYESHIA CONWAY and OMAR
STOUTE, DELON CONWAY, PRUDENCE CONWAY,

              Plaintiffs,

-against-

THE CITY OF NEW YORK DETECTIVE WILLIAM
CODY, POLICE OFFICERS JOHN DOES 1-10,

              Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

**Jury Trial Demanded**

## PRELIMINARY STATEMENT

1. This is an action alleging violations of federal and state law by the City of New York and several New York City Police Officers assigned to the Brooklyn North Narcotics Division. Defendants falsely arrested plaintiffs, assaulted and battered plaintiffs by handcuffing each of them without cause or consent, and made false allegations about plaintiffs to the Kings County District Attorney's Office in violation of 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution, and state law. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their claims brought under New York state law.

4. With respect to plaintiffs' state law claims, notices of claim were duly filed with the City of New York within 30 days after the incident in question, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Ingrid Conway is a law-abiding 54 year-old woman. Conway has a heart condition, has had heart surgery, and receives social security disability payments.

7. Ayeshia Conway is a law-abiding 17 year-old girl who attends Pace High School. Ayeshia is the daughter of Virginia Conway and her first husband.

8. Omar Stoute is a law-abiding 13 year-old boy who just graduated from middle school. Omar is the son of Virginia Conway and her second husband, Richard Stoute.

9. Delon Conway is a law-abiding United States Marine who was honorably discharged from the service in 2007. Delon is presently employed as a medical assistant at a physical therapy practice in Manhattan. Delon is the son of Virginia Conway and her first husband.

10. Prudence Conway is a law-abiding woman who received an Associates of Arts Degree from the Audrey Cohen College for Human Services and Education. Prudence presently works at Chase Bank in Brooklyn and at K-Mart in Manhattan. Conway is seeking a position with the New York City Department of Education.

11. The City of New York is a municipal corporation organized under the laws of the State of New York.

12. Detective William Cody and Police Officers John Does 1-10 are New York City Police Officers assigned to the Brooklyn North Narcotics Division who were involved in the arrests of plaintiffs and the events arising out of plaintiffs' arrests. These officers were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiffs from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

13. On May 1, 2009, at approximately 6:00 a.m., plaintiffs were sleeping in their home located at 111 Bridge Street, apt. # 3J, Brooklyn, New York.

14. At the above time and place, several New York City Police Officers assigned to the Brooklyn North Narcotics Division, including Detective William Cody, broke down the front door of plaintiffs' apartment.

15. Detective Cody and the other officers never showed plaintiffs a warrant when they entered the apartment.

16. Upon information and belief, the officers had a warrant, the target of which was Arne Conway, one of Ingrid Conway's sons.

17. Arne Conway is not a plaintiff in this action.

18. Although none of the plaintiffs had committed a crime, Detective Cody and the other officers arrested plaintiffs, along with Arne Conway, because they allegedly found narcotics hidden in Arne's bedroom.

3

19. If narcotics were hidden in Arne Conway's bedroom, the narcotics were never in plain view, none of the plaintiffs knew about the narcotics, and none of the plaintiffs ever had actual or constructive possession of the narcotics.

20. The police officers, acting in concert, handcuffed plaintiffs, took them outside and placed them in a police car.

21. Omar Stoute, who is 13 years-old, was crying as the police brought him outside and placed him in the police car.

22. Plaintiffs' neighbors observed the handcuffed plaintiffs being escorted outside by the police.

23. Unidentified officers took plaintiffs to the 84th Precinct where plaintiffs were photographed and fingerprinted.

24. Each of the plaintiffs, except Omar Stoute, was then locked in a cell.

25. The police permitted Omar Stoute to sit in the lobby of the precinct and wait for an investigator from the Administration for Children's Services ("ACS") to interview him and his father, Richard Stoute, who was called to come to the precinct.

26. An ACS investigator arrived at the precinct hours later, conducted an interview, and released Omar to the custody of his father at approximately 1:00 p.m.

27. While the other plaintiffs were confined in the precinct, Detective Cody, pursuant to a conspiracy with other officers, prepared police reports falsely charging each plaintiff, except for Omar Stoute, with possession of a controlled substance, namely crack cocaine.

4

28. At this time, the other officers who were present in plaintiff's home when plaintiffs were arrested had the opportunity to intervene on plaintiffs' behalf by informing a supervisor that plaintiffs had not violated the law, but the officers declined to get involved.

29. At approximately 2:00 p.m., police officers took plaintiffs and Arne Conway to Brooklyn Central Booking, located on Schermerhorn Street.

30. Ingrid Conway was examined by paramedics upon entering Brooklyn Central Booking.

31. Because Ingrid Conway has a heart condition and was shaking uncontrollably from shock and fear, she was denied entrance into Brooklyn Central Booking and was instead taken by the police to Bellevue Hospital in Manhattan.

32. The other plaintiffs, along with Arne Conway, were admitted into Central Booking and held in cells that were dangerously filthy.

33. While plaintiffs were confined in Brooklyn Central Booking, Detective Cody, in furtherance of a conspiracy with other officers, misrepresented to an Assistant District Attorney that plaintiffs were found in possession of crack cocaine.

34. At approximately 11:00 p.m., Ayeshia Conway, Delon Conway and Prudence Conway were released from Brooklyn Central Booking because the District Attorney's Office declined to prosecute plaintiffs on the false charges. Ingrid Conway was released from police custody at Bellevue Hospital when the escorting officers learned that the District Attorney's Office declined prosecution.

35. The District Attorney's Office filed charges against Arne Conway and allowed him to plead guilty at his May 2, 2009 arraignment to disorderly conduct, a violation, not a crime.

5

36. Because of the bogus charges, ACS opened an investigation to determine whether Ingrid Conway was a fit parent for Omar Stoute. ACS, as part of its investigation, conducted home visits and interviewed Omar's school principal and teachers.

37. ACS subsequently cleared Ingrid Conway of any wrongdoing.

38. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, humiliation, embarrassment, and damage to their personal and professional reputations. Further, Delon Conway lost a day's pay and Prudence Conway encountered difficulties concerning her application to work for the Department of Education.

## FIRST CLAIM

### (FALSE ARREST OF PLAINTIFFS)

39. Plaintiffs repeat the foregoing allegations.

40. Defendants' arrests of plaintiffs, as described herein, were without probable cause and therefore in violation of plaintiffs' rights under the Fourth Amendment to the Constitution and state law.

## SECOND CLAIM

### (ASSAULT ON PLAINTIFFS)

41. Plaintiffs repeat the foregoing allegations.

42. Defendants assaulted plaintiffs in violation of state law because defendants' handcuffing of plaintiffs placed plaintiffs in fear of imminent harmful and offensive contact.

## THIRD CLAIM

### (BATTERY ON PLAINTIFFS)

43. Plaintiffs repeat the foregoing allegations.

44.     Defendants battered plaintiffs in violation of state law because defendants' handcuffing of plaintiffs constituted a wrongful physical contact with plaintiffs without plaintiffs' consent.

## FOURTH CLAIM

### (PRESENTATING FALSE ALLEGATIONS ABOUT PLAINTIFFS)

45.     Plaintiffs repeat the foregoing allegations.

46.     Defendants' actions in misrepresenting to the Kings County District Attorney's Office that plaintiffs were found in possession of crack cocaine violated plaintiffs' rights under the Sixth Amendment to the Constitution.

## FIFTH CLAIM

### (MONELL V. DEP'T. OF SOCIAL SERVICES)

47.     Plaintiffs repeat the foregoing allegations.

48.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

49.     Upon information and belief, the City of New York, at all relevant times, was aware that Detective Cody and his team are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

50.     In fact, Detective Cody and his team were defendants in the following civil rights cases, all of which alleged constitutional violations to citizens living at 111 Bridge Street, and all of which were settled: Ratliff, et al., v. City of New York, et al., 07 Civ. 00685 (S.D.N.Y.); Thompson, et al., v. City of New York, et al., 08 CV 01918 (E.D.N.Y.); and Thompson, et al., v. City of New York, et al., 09 CV 00063 (E.D.N.Y.). Although not named as defendants because the case settled early in the litigation, Detective Cody and his team were also

7

the alleged civil rights violators in <u>Ratliff, et al., v. City of New York, et al.</u>, 08 CV 02320 (E.D.N.Y.).

51. Despite having knowledge that Detective Cody and his team are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct, the City of New York exercised deliberate indifference.

52. The City failed to properly train, supervise, discipline, and monitor the officers, improperly retained and utilized the officers, and failed to adequately investigate complaints filed against the officers.

53. The aforesaid conduct by the City of New York violated plaintiffs' rights under the Fourth and Sixth Amendments to the Constitution.

## SIXTH CLAIM
### (RESPONDEAT SUPERIOR)

54. Plaintiffs repeat the foregoing allegations.

55. The City of New York is vicariously liable under state law for false arrest, assault and battery because Detective Cody and his team were acting within the scope of their employment as New York City Police Officers when they committed the aforesaid torts.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as this Court may deem just and proper.

DATED:   July 12, 2009
         Brooklyn, New York

                                        _____
                                        RICHARD J. CARDINALE
                                        Attorney at Law
                                        26 Court Street, Suite 1815
                                        Brooklyn, New York 11242
                                        (718) 624-9391

9

UNITED STATES DISTRICT COURT
EATTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

INGRID CONWAY, individually, and on behalf of her
minor children, AYESHIA CONWAY and OMAR
STOUTE, DELON CONWAY, PRUDENCE CONWAY,

                                                                                 Plaintiffs,

                -against-

THE CITY OF NEW YORK DETECTIVE WILLIAM
CODY, POLICE OFFICERS JOHN DOES 1-10,

                                                                             Defendants.

------------------------------------------------------------------------ x


**COMPLAINT**


RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391